UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CELESTE J. CURRY, *on behalf of* *S.A., a minor*, </br></br>Plaintiff,</br></br>v.</br></br>DOLLAR GENERAL, *et al*,</br></br>Defendants. | )</br>)</br>)</br>)</br>)</br>) Case No. 24-1099</br>)</br>)</br>)</br>) |

## ORDER AND OPINION

This matter is now before the Court on Plaintiff Celeste J. Curry's, on behalf of S.A., a minor, ("Plaintiff") Motion for Leave to Proceed *in forma pauperis* (D. 2; D. 5) and Motion to Request Counsel (D. 3; D.6).[1] For the reasons stated herein, the Motions are DENIED, and this case is DISMISSED without prejudice for lack of subject matter jurisdiction.

## ANALYSIS

This case is filed pursuant to 42 U.S.C. § 1983. A § 1983 claim must allege: (1) a deprivation of a right secured by the Constitution or the law of the United States; and (2) that the deprivation was caused by a person or persons acting under color of state law. *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004). In some cases, a private actor can conspire with a state actor such that the private actor is said to be acting under color of state law, but that has not been pled and is not the case here. *See Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003) (conspiracy requires proof that: (1) a state official and private individual reached an

---

[1] Citations to the record are as follows, (D. ___). Because Plaintiff's original Complaint (D. 1), Motion for Leave to Proceed *in forma pauperis* (D. 2), and Motion to Request Counsel (D. 3), contain the name of an individual known to be a minor, all three documents were placed under seal and the Plaintiff was directed to file redacted copies. (D. 5; D. 6) (redacted copies).

1

understanding to deprive a plaintiff of his constitutional rights; and (2) those individuals were willful participants in the activity with the State or its agents) (internal citations omitted).

Here, the Defendants are Dollar General, a corporation, and several of its employees at its Canton, Illinois store. (D. 1; D. 4). Curry appears to be bringing this lawsuit on behalf of her son, *S.A.*, a minor, because one of the Dollar General sales associates banned him from the store based on allegations of theft. *See id.* She claims that Defendants' theft accusations stemmed from discrimination and racial profiling, and amount to defamation of character. *Id.* Curry has alleged no link between Dollar General (or the named Defendant employees) and the state of Illinois.

a. *Sua sponte review of Complaint*

A complaint filed by any person proceeding *in forma pauperis* is subject to a mandatory *sua sponte* review and dismissal by the court to the extent it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When evaluating whether a pro se plaintiff has stated a claim under § 1915(e)(2)(B), courts use the same standards that apply to Federal Rule of Civil Procedure 12(b)(6) motions. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Therefore, the court will take "all well-pleaded allegations of the complaint as true and view [ ] them in the light most favorable to the plaintiff." *Id.* (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)). A plaintiff need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a pro se complaint is to be construed liberally and held to "less stringent standards than a formal pleading by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted).

Here, Plaintiff's Complaint is subject to dismissal because it fails to state a claim upon which relief can be granted due to this Court's lack of jurisdiction. First, the Complaint provides no basis for federal question jurisdiction. *See* 28 U.S.C. § 1331. Section 1983 addresses only *state* action, and this cause of action has been brought against only *private* actors. The Complaint further alleges no facts from which it could be inferred that these private actors should be given a "state actor" status. Therefore, due to Plaintiff's failure to plead the state action necessary to maintain a cause of action under § 1983, this Court lacks jurisdiction over the claims and it must be dismissed under § 1915(e)(2). Furthermore, Plaintiff's claim for defamation of character arises under Illinois common law, not the U.S. Constitution or federal statute. Thus, state court is the appropriate venue for that claim.

Second, Plaintiff cannot invoke diversity jurisdiction. For diversity jurisdiction to exist, there must be complete diversity of citizenship between the parties and the amount of controversy must exceed $75,000.00. 28 U.S.C. § 1332(a). This means that no plaintiff may share any defendant's citizenship *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021). The Complaint identifies the Dollar General located in Canton, Illinois, as the location where this incident occurred. (D. 1; D. 4). While it may be true that Dollar General as a corporation is a citizen of both its state of incorporation and its principal place of business which may be located outside of Illinois, the Complaint also identifies as Defendants three employees of Dollar General's Canton, Illinois store. *See CCC Information Services, Inc. v. American Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 200). They most certainly reside within the state. The Complaint also identifies Canton, Illinois as where Plaintiff resides. (D. 1; D. 4). Thus, there is not complete diversity of citizenships between the parties. Furthermore, even if there was, the damages alleged are "mental anguish, pain and suffering." (D. 1; D. 4). Based on these allegations the Court finds

3

the Complaint has failed to allege the amount in controversy could exceed $75,000.00. Therefore, the Court lacks jurisdiction on this basis as well.

Finally, even if this Court did have subject matter jurisdiction, Curry cannot bring this suit on behalf of a minor child without hired counsel because she cannot serve as his legal representation. *See Mosely v. Board of Educ. of City of Chi.*, 434 F.3d 527, 532 (2006). While she has petitioned this Court for the appointment of counsel, due to this Court's above findings, that request is moot.

## CONCLUSION

For the reasons stated herein, Plaintiff's [2], [5] Motion for Leave to Proceed in *forma pauperis* are DENIED and Plaintiff's [3], [6] Motion to Request Counsel is MOOT. The Court DISMISSES the Complaint without prejudice for lack of subject matter jurisdiction. This case is now TERMINATED. The Clerk of Court is DIRECTED to CLOSE this case.

ENTERED this 9th day of April, 2024.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge

4